861 F.2d 728
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Ronald A. HANSON, and Helen V. Hanson, Plaintiffs-Appellants,
v.
The UNITED STATES, Defendant-Appellee.
 No. 88-1147.
 United States Court of Appeals, Federal Circuit.
 Sept. 23, 1988.
Suggestion for Rehearing In Banc Declined Jan. 19, 1989.
 
 Before MAYER and MICHEL, Circuit Judges, and EDWARD D. RE, Chief Judge.*
 EDWARD D. RE, Chief Judge.
 
 
 1
 Appellants filed suit in the United States Claims Court for damages against the Farmers Home Administration (FmHA) alleging breach of an implied-in-fact contract, and violation of appellants' rights under specific FmHA regulations. In an opinion reported in Hanson v. United States, 13 Cl.Ct. 519 (1987), the court dismissed appellants' claims for lack of jurisdiction. We affirm.
 
 BACKGROUND
 
 2
 The facts of this case are fully described in Judge Gibson's detailed opinion and therefore, will only be summarized here. Briefly, appellants obtained loans amounting to $250,000 from the FmHA to purchase their dairy farm, and to develop farm buildings. Their application for an additional loan to expand the size of their herd was then denied because the County Committee declined to certify their eligibility. Appellants contend that the denial of this loan ultimately led to default and bankruptcy. They argue that transactions between them and the Government, in connection with the earlier FmHA loans, created an implied-in-fact contract on the part of the Government to grant them a loan to expand their herd to an economically viable size.
 
 DISCUSSION
 
 3
 For an implied-in-fact contract to exist, there must be (1) mutuality of intent to contract, (2) an unambiguous offer and acceptance, and (3) the official who allegedly approved the agreement must have had authority to bind the Government. See Prudential Ins. Co. of America v. United States, 801 F.2d 1295, 1297 (Fed.Cir.1986), cert. denied, 107 S.Ct. 1289 (1987); Pacific Gas & Elec. Co. v. United States, 3 Cl.Ct. 329, 338-39 (1983), aff'd, 738 F.2d 452 (Fed.Cir.1984).
 
 
 4
 The Claims Court properly found that, accepting appellants' factual allegations as true, essential elements of an implied-in-fact contract were lacking. In particular, the plain language of the controlling statute requires that "the county committee ... certify in writing that the applicant meets the eligibility requirements for the loan...." 7 U.S.C. Sec. 1983(b) (1982). Furthermore, the implementing regulations make it clear that the County Committee must approve each loan, and that the County Supervisor must approve each application. 7 C.F.R. Sec. 1945.129(a) (1988). Even if we were to accept the Hansons' contention that the County Committee and County Supervisor had promised them that the FmHA would make additional loans for herd expansion after improvements to their facilities were completed, this still would not have been sufficient to have bound the Government. Such a promise, even if actually made, would have been ultra vires.
 
 
 5
 The County Committee and County Supervisor lacked the authority to bind the Government except as prescribed by statute and regulation. Instead, the County Committee explicitly refused to certify the loan for herd expansion, and County Supervisor never approved the loan. Thus, the Government was never bound by any act or promise of an agent who had authority to bind the Government. Since there was no contractual basis for appellants' claim, not even an implied-in-fact contract, the contract claim was properly dismissed for lack of jurisdiction.
 
 
 6
 We also find no error in the trial court's conclusion that the Government is not estopped from denying that any implied-in-fact contract was formed. Apart from the traditional elements for the invocation of the doctrine of equitable estoppel, "it is well settled that the Government may not be estopped on the same terms as any other litigant." Heckler v. Community Health Servs., 467 U.S. 51, 60 (1984). In this case, appellants have failed to provide evidence of affirmative Government misconduct that would support an estoppel. See Schweiker v. Hansen, 450 U.S. 785, 788-89 (1981). Appellants' conclusory statements are insufficient to establish the existence of the factual elements required before the court will consider applying estoppel against the Government. See Glopak Corp. v. United States, 12 Cl.Ct. 96, 103 (1987), aff'd, 851 F.2d 334 (Fed.Cir.1988); Russell Corp. v. United States, 537 F.2d 474, 484 (Ct.Cl.1976), cert. denied, 429 U.S. 1073 (1977). Surely, this is not a case in which a citizen can claim to have been deprived of fundamental decency and good faith in its dealings with the Government. See Heckler, 467 U.S. at 60-61.
 
 
 7
 Appellants seek monetary damages related to alleged violations of specific statutes and regulations. We agree with the trial court that the particular statutes and regulations in question do not mandate the payment of money by the United States, and are thus beyond the jurisdiction of the Claims Court. As in Smithson v. United States, 847 F.2d 791, 794 (Fed.Cir.1988), appellants' claims sound in tort, and the Claims Court has no jurisdiction over such claims. Hence, the dismissal of appellants' claims is affirmed.
 
 
 
 *
 The Honorable Edward D. Re, Chief Judge, United States Court of International Trade, sitting by designation, pursuant to 28 U.S.C. Sec. 293(a)